59. Sun Life and the Individual MFS Defendants acted as controlling persons of MFS within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of MFS being a more than 90% owned subsidiary of Sun Life, and Sun Life's and the Individual MFS Defendants active participation in and/or awareness of MFS's day-to-day operations, Sun Life and the Individual MFS Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of MFS. Sun Life and the Individual MFS Defendants had unlimited access to MFS's records of transactions and had the ability to prevent MFS from engaging in the schemes and artifices to defraud complained of in this Complaint.

60. Sun Life and the Individual MFS Defendants had direct and supervisory involvement over the day-to-day operations of MFS and, therefore, are presumed to have had and did have the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

61. By virtue of its position as a controlling person, Sun Life and the Individual MFS Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of their wrongful conduct, the MFS Funds suffered damages in connection with the acts and practices alleged in this Complaint.

## COUNT IV

### Common Law Breach Of Fiduciary Duty
### (Against the MFS Defendants and the Trustee Defendants)

62. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

63. The MFS Defendants and the Trustee Defendants and each of them owed to the MFS Massachusetts Investors Trust Fund, the MFS Strategic Growth Fund, the MFS Value Fund, the MFS Fixed Income Trust Bond Fund, the MFS Funds and their shareholders, the duty to exercise due care and diligence, honesty and loyalty in the management and administration of the affairs of each MFS Fund and in the use and preservation of its property and assets, and owed

the duty of full and candid disclosure of all material facts thereto. Further, said defendants owed a duty to the MFS Funds and their shareholders not to waste the funds' corporate assets and not to place their own personal self-interest above the best interest of the funds and their shareholders.

64. To discharge those duties, the MFS Defendants and the Trustee Defendants were required to exercise prudent supervision over the management, policies, practices, controls, and financial and corporate affairs of the MFS Funds.

65. As alleged above, each of said defendants breached his or its fiduciary duty by receiving excessive compensation or payments in connection with the timing scheme and other manipulative schemes as alleged in this Complaint.

66. As alleged above, each of said defendants also breached his or its fiduciary duty to preserve and not to waste the assets of the MFS Funds by permitting or incurring excess charges and expenses to the funds in connection with the timing scheme and other manipulative schemes as alleged in this Complaint.

## COUNT V

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against SBI, Calugar and John Does 51-100)

67. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

68. Defendants SBI and Calugar, as well as John Does 51-100, knew of the existence of the fiduciary duty between the MFS Defendants and the Trustee Defendants and the MFS Funds and knew the extent of that duty. Defendants SBI and Calugar, as well as John Does 51-100, knew of the acts of late trading and timing made by them on the MFS Funds and knew that these acts and manipulative devices were a breach of the fiduciary duties the MFS Defendants and the Trustee Defendants owed to the MFS Funds. Defendants SBI and Calugar, as well as John Does 51-100, maliciously, without justification and through unlawful means, aided and

21

abetted and conspired with the MFS Defendants and the Trustee Defendants in breaching their fiduciary duties and provided substantial assistance and encouragement to the MFS Defendants and the Trustee Defendants in violating their fiduciary duties in the manner and by the actions described in this Complaint.

69. Defendants SBI and Calugar, as well as John Does 51-100, are jointly and severally liable to the MFS Funds for damages proximately caused by their aiding and abetting as alleged herein.

70. As a direct and proximate result of defendants' wrongful conduct, the assets and value (including the NAV) of the Funds has been reduced and diminished and the corporate assets of the Funds have been wasted.

## COUNT VI

### CIVIL CONSPIRACY
### (Against the MFS Defendants, MFS, SBI, Calugar and John Does 1-100)

71. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

72. The MFS Defendants, MFS, SBI, Calugar and John Does 1-100 entered into an agreement or agreements or combinations with each other to accomplish by common plan the illegal acts described in this Complaint and by their actions demonstrated the existence of an agreement and combination.

73. The MFS Defendants, MFS, SBI, Calugar and John Does 1-100 by their actions have manifested actual knowledge that a tortious or illegal act or acts was planned and their intention to aid in such act or acts.

74. The MFS Defendants, MFS, SBI, Calugar and John Does 1-100 maliciously and intentionally conspired, combined and agreed with one another to commit the unlawful acts alleged in this Complaint or to commit acts by unlawful means causing injury to Plaintiff and

22

proximately causing injury and damages to the Plaintiff for which they are jointly and severally liable.

75. The MFS Funds have suffered damages as a result of the wrongs and the conspiracy to commit such wrongs as alleged in the Complaint in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. Removing the current Trustees of the Trust and replacing them with independent Trustees,

B. Awarding monetary damages against all of the Defendants, jointly and severally, in favor of the MFS Funds, for all losses and damages suffered as a result of the wrongdoings alleged in this Complaint, including punitive damages where appropriate, together with interest thereon,

C. Awarding plaintiff the fees and expenses incurred in this action, including reasonable allowance of fees for plaintiff's attorneys, and experts,

D. Granting plaintiff such other and further relief as the Court may deem just and proper.

23

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated:  Boston, Massachusetts
       February ____, 2004

**DEUTSCH WILLIAMS BROOKS
DERENSIS & HOLLAND, P.C.**

By: /s/ Steven J. Brooks
Robert D. Hillman
99 Summer Street
Boston, MA 02110
(617) 951-2300
rhillman@dwboston.com

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Daniel W. Krasner
Mark C. Rifkin
Demet Basar
Robert Abrams
Christopher S. Hinton
270 Madison Avenue
New York, NY  10016
(212) 545-4600

**CHITWOOD & HARLEY, LLP**
Martin D. Chitwood
Lauren S. Antonino
1230 Peachtree Street, NE
Promenade II, Suite 2300
Atlanta, Georgia 30309
(404) 873-3900

24

## **VERIFICATION**

I, DIANE HUTTO, being competent to testify and based on personal knowledge, hereby verify that I have read the foregoing complaint against Defendants and that it is true and correct to the best of my knowledge, information, and belief.

Dated: February 11, 2004.

*Diane Hutto*
DIANE HUTTO